IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RACHEL J. TOMLIN,                                    3:12-CV- 00054 RE

            Plaintiff,                           **OPINION AND ORDER**

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

            Defendant.


**REDDEN**, Judge:

Plaintiff Rachel Tomlin ("Tomlin") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1967, Tomlin was 35 years old when she filed her application for SSI benefits in January 2003. She completed the 11th grade, and has no past relevant work. Tomlin alleges disability since December 1, 2002, due to pain in the knees and low back, and depression. Her applications were denied initially and upon reconsideration, and in a hearing decision dated June 26, 2006. In March, 2007, the Appeals Council remanded the case to an ALJ for further proceedings. After a second hearing, in August 2007, an Administrative Law Judge ("ALJ") found her not disabled in an opinion issued in January 2008. In June 2008, the Appeals Council remanded the case again for further proceedings. A third hearing was held on January 28, 2010. In a decision dated February 19, 2010, the ALJ found Tomlin not disabled. Tomlin's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Tomlin had the medically determinable severe impairments of degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees, obesity, asthma, and a depressive disorder. Tr. 22

The ALJ found that Tomlin's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 23.

The ALJ determined that Tomlin retained the residual functional capacity to perform a limited range of sedentary work. Tr. 24.

The ALJ found that Tomlin had no past relevant work. Tr. 28.

The medical records accurately set out Tomlin's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are

familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Tomlin contends that the ALJ erred by: (1) improperly weighing physician testimony; and (2) failing to account for fatigue in her RFC.

### I. Medical Source Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Tomlin argues that the ALJ erred by rejecting the opinions of her treating physicians.

### A. Steven Jackson, M.D.

Dr. Jackson has been Tomlin's primary care physician since April 2008. In November 2009, Dr. Jackson wrote to Tomlin's lawyer that Tomlin's medical problems include morbid obesity, chronic lower back and knee pain, and asthma. He wrote:

> Her lower back and knee pain limits her activities. Her morbid
> obesity also limits her activities of daily living. She is unable to
> bend, stoop, crawl or climb. She can only stand for 15 minutes

3 - OPINION AND ORDER

> at one time. She states she can walk for 10-15 minutes only. She can lift 10 lbs and carry it about 20 feet. She can only sit for 30 minutes without taking a break. She cannot clean her house because of her problems with her knees and lower back. Her asthma limits her exertion because of SOB.
>
> She has a history of schizoaffective disorder. Difficulties related to that should be addressed by her mental health provider, Isabel Toledo.

Tr. 435.

On January 27, 2010, Dr. Jackson completed a form provided by Tomlin's counsel. Tr. 438-42. Dr. Jackson stated that Tomlin's symptoms are chronic pain in the lower back and knees, increased by her obesity, which also make it difficult to walk. Tr. 438-39. Dr. Jackson opined that Tomlin needed to alternate at will between sitting, standing, and lying down, every 15 minutes. He recommended she use a cane when walking. Tr. 439.

Dr. Jackson indicated that Tomlin's symptoms met or equaled in severity Listed impairment 1.02, Major dysfunction of a joint(s) resulting in the inability to ambulate effectively. *Id.* Dr. Jackson based his opinion on Tomlin's severe arthritis in knees and lower lumbar back. Tr. 440. He estimated that her pain would range from moderate, or six on a scale of zero to ten, on a good day, to ten on a bad day. Dr. Jackson estimated that Tomlin's fatigue would range from a five, or moderate, on a good day, to nine on a bad day. *Id.* He concluded that Tomlin would miss more than two days a month from even a simple, sedentary job because of her impairments and symptoms because severe arthritis causes her to go to bed several days a week.

A December 2009 MRI of Tomlin's left knee is in the record. Tr. 436-7. Dr. Jackson was copied on the report, which was interpreted to show a posterior horn medical meniscus tear, full

4 - OPINION AND ORDER

thickness patellar chondral irregularities, questionable lateral meniscus fraying, and mild insertional patella tendinopathy. Tr. 437. The ALJ did not mention this MRI.

The ALJ gave Dr. Jackson's opinions "little weight." Tr. 28. The ALJ stated that Dr. Jackson "did not report any objective findings to support his opinion that the claimant is unable to sustain even sedentary work of a regular, full-time basis. His opinion is also not supported by his physical examinations of April and May of 2008 which revealed normal gait, strength, and neurologic function." *Id.* The ALJ noted that Dr. Jackson's November 2009 report was based in part on Tomlin's input, quoting "[s]he states she can walk for 10-15 minutes only." *Id.* The ALJ concluded that "the responses are not considered to be Dr. Jackson's independent opinions. Rather they are the claimants' responses provided through her physician and, therefore, lack the objectivity of an independent medical opinion." Tr. 28.

### B. Robert W. Henriques, M.D.

Dr. Henriques completed a form prepared by Tomlin's counsel in May 2006. Tr. 267-69. He stated that Tomlin had chronic back pain, osteoarthritis in both knees, and depression. Dr. Henriques opined that her conditions would cause pain with movement, that she could lift less than ten pounds occasionally, that she could stand and walk a total of less than two hours out of an eight hour work day, and that she could sit about two hours out of eight. Tr. 268. Dr. Henriques found multiple postural limitations, and expected she would miss more than two days a month from even a sedentary job. Tr. 269.

The ALJ noted Dr. Henriques's opinion and gave it little weight. Tr. 27. The ALJ noted that Dr. Henriques's contact with Tomlin was limited to two examinations. The ALJ stated that the opinion lacked objective findings, was inconsistent with Dr. Ogisu's opinion, and was

5 - OPINION AND ORDER

inconsistent with Tomlin's August 2007 testimony that she alternates between sitting and standing through the day, supervising the household, and that she does not lie down until the evening.

### C. Examining Physician Tatsuro Ogisu, M.D.

Dr. Ogisu performed a comprehensive orthopedic examination of Tomlin in September 2008. Tr. 412-21. He reviewed some of her medical records, but did not have access to the most recent MRI. His impression was:

> 1. Chronic lower back pain. While she could be having some discogenic pain compounded by her body habitus, exam findings are nonspecific, and available radiographic findings are mild and do not explain her severe pain. Please check the findings on her most recent studies, which are reported to have been done a year ago through Multnomah County Health Department. Perhaps the pain is coming from her hips, where I suspect some osteoarthritis.
> 2. Chronic knee pain. This is due to osteoarthritis, left worse than right.
> 3. Mild leg length discrepancy.
> 4. Obesity.

Tr. 415.

Dr. Ogisu completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical). Tr. 416-421. He opined that Tomlin could occasionally lift and carry up to 20 pounds, citing "small lumbar disk herniation Osteoarthritis-knees, left > right -probable in hips." Tr. 416. Dr. Ogisu found that Tomlin could sit, stand, or walk for 30 minutes at one time without interruption, and sit for six hours in an eight hour day, and walk or stand for four hours in an eight hour day. He found that she did not require the use of a cane to ambulate.

Dr. Ogisu found that Tomlin's ability to use her hands was limited to minimize vigorous or upward pushing/pulling. He found that she was able to operate foot controls frequently. Tr. 418. Dr. Ogisu opined that Tomlin's balance was mildly decreased. Tr. 420.

The ALJ gave "greater weight" to Dr. Ogisu's opinion that Tomlin is capable of performing a modified range of sedentary to light work with postural limitations. Tr. 27. The ALJ noted that Dr. Ogisu "performed a thorough examination of the claimant." *Id.*

The ALJ failed to provide specific and legitimate reasons to reject the opinions of the treating physicians. As a treating physician, Dr. Jackson's opinion is supported by his ongoing treatment of Tomlin and the objective evidence of the MRI. It is further supported by the similar opinion of the other treating physician, Dr. Henriques. That Dr. Henriques saw Tomlin only twice is not a legitimate reason to give greater weight to the opinion of an examining physician who saw her once. Both of the treating physicians opined that Tomlin would miss more than two days of work each month because of her symptoms.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court

may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's failure to credit the opinions of the treating physicians is erroneous for the reasons set out above. The Vocational Expert testified that, if the opinions are credited, and Tomlin would miss more than two days of work a month, she would be unable to maintain employment. Tr. 499, 441, 269.

///

///

///

///

///

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. This matter is reversed and remanded for the calculation and award of benefits, and this matter is dismissed.

IT IS SO ORDERED.

Dated this 7 day of December, 2012.

JAMES A. REDDEN
United States District Judge

9 - OPINION AND ORDER